**Federal Defenders**
OF NEW YORK, INC.

52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

David E. Patton
Executive Director
and Attorney-in-Chief

*Appeals Bureau*
Barry D. Leiwant
Attorney-in-Charge

November 16, 2022

**BY ECF**

Honorable Rosemary S. Pooler
Honorable Myrna Perez
Honorable Jed S. Rakoff
United States Court of Appeals
 for the Second Circuit
Thurgood Marshall United States Courthouse
40 Centre Street
New York, New York 10007

>  <u>*Re*</u>:  <u>United States of America v. Ullah</u>
>   Docket No. 21-1058-cr
>   **Appellant's Reply to the Government's Supplemental Brief**

Dear Judges Pooler, Perez, and Rakoff,

This letter brief is submitted to reply to the government's supplemental brief filed on November 9, 2022, on the application of *United States v. Taylor*, 142 S. Ct. 2016 (2022), to Ullah's conviction of a § 924(c) violation based on either completed or attempted violations on 18 U.S.C. § 2332f or 18 U.S.C. § 1992(a)(7). In Ullah's supplemental brief filed on October 19, 2022, we argued that the Supreme Court's opinion in *Taylor* makes clear that neither the attempts nor the completed offenses under these statutes qualify as crimes of violence because the elements of these crimes do not require the use, attempted use, or threatened use of force.

The government advocates an extremely narrow reading of *Taylor*, limiting it to only attempted Hobbs Act robbery. To make this argument, the government incorrectly characterizes *Taylor* as resting only on an "attempt to threaten theory" and as accepting the theory that it explicitly rejected – that an attempt to commit a completed crime that requires the use of force

necessarily requires the attempted use of force. Govt. Supp. Br. 3-7. The government is wrong. *Taylor* is an emphatic reaffirmation of the meaning of the categorical approach that applies to all offenses: only the elements of the offense are considered, to determine the minimum conduct possible to commit the offense. If this minimum conduct does not require the use, attempted use, or threatened use of physical force, it is not a crime of violence under §924(c). 142 S. Ct. at 2020-24.

First, the government mischaracterizes *Taylor*'s reasoning as turning on only the threatened force element. (Govt. Supp. Br. 3). Quoting *Taylor*'s quotation of the Hobbs Act robbery definition as "an unlawful taking or obtaining of personal property from the person . . . of another, against his will, by means of actual or threatened force," the government adds its own italics to "threatened," a word not emphasized in the opinion. 142 S. Ct. at 2020. The government continues with the purported reasoning of *Taylor*: "Because a completed Hobbs Act robbery does not require the use of 'actual ... force,' but can instead be committed by means of mere 'threatened force,' 18 U.S.C. §1951(b)(1), it follows that an attempted Hobbs Act robbery can be committed by a mere *attempt to threaten* force, which, the Supreme Court held, falls outside the elements clause's definition of crime of violence as requiring 'the use, attempted use, or threatened use of physical force against a person or property of another." Govt. Supp. Br. 3.

There is no citation to *Taylor* for this reasoning because it cannot be found anywhere in the opinion. This was the reasoning of the Fourth Circuit below, *United States v. Taylor*, 979 F.3d 203 (4th Cir. 2020), not the reasoning of the Supreme Court. *Taylor*'s holding does not turn on the attempt to threaten, but is much broader. Recognizing that the elements of attempted Hobbs Act robbery were (1) the intent to unlawfully take property "by means of actual or

threatened force" and (2) "'a substantial step,' which need not be violent," *Taylor* actually reasoned:

> To know that much is enough to resolve this case. Whatever one might say about *completed* Hobb's Act robbery, *attempted* Hobbs Act robbery does not satisfy the elements clause. Yes, to secure a conviction the government must show an intention to take property by force or threat, along with a substantial step toward achieving that object. But an intention is just that, no more. And whatever a substantial step requires, it does not require the government to prove that the defendant used, attempted to use, or even threatened to use force against another person or his property.

142 S. Ct. at 2020 (emphasis in original).

The fact that *Taylor* posed a hypothetical of the attempted robber who intended to threaten force but was intercepted in no way limits *Taylor* to precisely that hypothetical. *Taylor's* language is broad: intent to take property by force plus a substantial step does not require the use, attempted use, *or* threatened use of force. Even if the completed robbery could not be committed by threat, an attempt would not require, *as an element,* the use or attempted use of force.

Next, the government asserts a proposition that *Taylor* explicitly rejected: "When an offense requires the use of physical force, an attempt to commit that offense necessarily requires the 'attempted use' of physical force and thus continues to qualify as a crime of violence." Govt. Supp. Br. 4. Noting that the government had pressed this argument in the Fourth Circuit but gave it only a "passing nod" in the Supreme Court, *Taylor* ruled:

> And the reason why quickly becomes clear: The government's syllogism rests on a false premise. The elements clause does not ask whether the defendant committed a crime of violence *or* attempted to commit one. It asks whether the defendant *did* commit a crime of violence – and it proceeds to define a crime of violence as a felony that includes as an element the use, attempted use, or threatened use of force. If Congress had wanted the elements clause to do the kind of work the government supposes, it could have easily said so. For example, it

3

      might have swept in those federal crimes that require as an element "the use or threatened use of force" *and* those "that constitute an attempt to commit an offense that has such an element." But that simply is not the law we have.

*Id.* at 2022(emphasis in original). Thus, contrary to the government's claim (Govt. Supp. Br. 5), it is not only "relevant to this analysis" whether the substantial step requires the use of force; it is the only question with respect to an attempt. As *Taylor* explained, § 924(c) asks not whether a defendant committed a crime of violence or an attempt to commit one, but whether he committed a felony offense that *itself* requires an element the use, attempted use or threatened use of force.

      Finally, the government's contention that the completed offenses of 18 U.S.C. § 2332f and § 1992(a)(7) require the use of force as defined in § 924(c) (Govt. Supp. Br. 5, 7-8) is not even correct, as *Taylor* also makes clear. Unlike Hobbs Act robbery, both offenses can be committed without the use of force against the person or property "of another." See Ullah's Op. Br. 63-68, Reply 23-28. The government's only response to this has been to argue that this is "theoretical" or "hypothetical" because no person has been prosecuted under either statute for crimes committed with intent to cause death or serious physical injury to himself. G. Br. 51-55, Govt. Supp. Br. 7-8. The government relied on the ruling in *United States v. Hill*, 890 F. 3d 51, 56 (2d Cir. 2018), that a "realistic probability" must be shown that the statute would be applied in the way that it theoretically could be. G. Br. 51-52, 55. But *Taylor* squarely rejected the notion that such a case need be shown, recognizing the "oddity" and "practical challenges" of such a requirement, and holding it fundamentally at odds with the categorical approach. Section 924(c) "doesn't ask whether the crime is *sometimes* or even *usually* associated with" the use, attempted use or threatened use of force against the person or property of another. "It asks whether the

4

government must prove" this "as an element of its case." 142 S. Ct. 2024. *Taylor* has abrogated *Hill* and its "realistic probability" requirement.

The government is correct that *Alvarado-Linares v. United States*, 44 F.4th 1334 (11th Cir. 2022) supports its narrow reading of *Taylor*. For the reasons stated in Ullah's supplemental brief (at 9-15), the Eleventh Circuit's reading is incorrect and is belied by *Taylor*'s explicit rejection of the syllogism that an attempt to commit a crime of violence is necessarily an attempt to use force. 142 S. Ct. at 2022. In any event, *Alvarado-Linares*'s holding that attempted murder is a crime of violence turned on the fact that the completed crime of murder cannot be committed without the use of force because force is required to kill a person. That is not the case with the completed offenses involved here. Neither statute requires injury to any person, only intent to cause serious physical injury, and that can be intent to harm oneself, not the "person or property of another." 18 U.S.C. §1992(a)(7) requires only proof of any "act," with the intent to cause serious physical injury or death to any person on specified property. The government has conceded that an analogous offense, using a facility of interstate commerce with intent that a murder be committed (18 U.S.C. §1958) does not require the use, attempted use, or threatened use of force. Brief for the United States, *Grzegorczyk v. United States*, U.S. Supreme Court, No. 21-5967, cert denied on other grounds, 142 S. Ct. 2580 (June 30, 2022).

                                                            Respectfully submitted,

                                                           *Colleen P. Cassidy*
                                                           **COLLEEN P. CASSIDY**
                                                           Assistant Federal Defender
                                                           Counsel for Appellant

CPC/av
cc:    George Turner, Esq. (by ECF)